# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY M. REES, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-07-263-FHS-SPS |

## REPORT AND RECOMMENDATION

The claimant Timothy M. Rees requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to a listed impairment), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show he does not retain the residual functional capacity (RFC) to perform his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account the claimant's age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

The claimant was born on October 9, 1965, and was thirty-nine years old at the time of the administrative hearing. He has a GED and previously worked as a tow truck driver and welder. He alleges he has been unable to work since December 18, 2003, because of status post left distal fibula fracture, status post left clavicular fracture with residual left shoulder impingement, degenerative disc disease of the cervical and lumbar spine with disc bulge at C5-6, condromalacia of the bilateral knees, panic disorder with agoraphobia, and adjustment disorder with depressed mood.

**Procedural History**

On July 14, 2004, the claimant filed his application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 34, and an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Both applications were denied. ALJ Lantz McClain conducted an administrative hearing and found the claimant was not disabled on July 13, 2006. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that the claimant had the residual functional capacity ("RFC") to perform a narrow range of light work, *i. e.*, that he could lift twenty pounds occasionally and ten pounds frequently, stand and/or walk with normal breaks for six hours in an eight-hour workday, and sit with

normal breaks for six hours in an eight-hour workday. The claimant was further limited to only occasional bending and stooping and was to avoid work above shoulder level. His mental restrictions included being "limited to simple/repetitive tasks with only incidental contact with the public." (Tr. 26). The ALJ concluded that although the claimant could not return to his past relevant work as a tow truck driver or welder, he was nevertheless not disabled because there was work he could perform existing in significant numbers in the regional and national economies, *e. g.*, bench assembler and housekeeper (Tr. 31).

## Review

The claimant's sole contention is that the ALJ failed to include all of the limitations found to exist by consulting psychologist Dr. Larry Vaught, Ph.D., in the RFC determination. According to the claimant, the ALJ included some of Dr. Vaught's limitations while excluding others without any explanation. The undersigned Magistrate Judge finds this contention persuasive.

The record reveals that on January 19, 2006, Dr. Vaught conducted a psychological examination of the claimant. He noted the claimant's twelve-year history of panic attacks and his physical difficulties stemming from a work-related injury that occurred in December 2003. The claimant reported to Dr. Vaught that although he drove occasionally and helped do dishes and care for his grand-daughter, his sleep was "terrible," and he suffered from occasional nightmares, poor appetite with weight loss, problems with his short-term memory, forgetfulness, and variable energy. He also admitted to sadness over not being able to do activities he used to do, guilt over not being able to support his family, anhedonia, irritability,

difficulty making decisions, fatigue, and loss of libido. His panic attacks fluctuated in occurrence, *i. e.*, sometimes happening several times a day and others only once per week, and indications included tightening of his chest, difficulty breathing, shakiness, and feeling scared. The attacks occurred most often when the claimant was driving alone and had worsened since his accident. Upon examination, Dr. Vaught noted that the claimant was "slightly reserved," affect was "slightly restricted," speech was "possibly mildly slowed," and his thinking appeared "logical and goal directed with no loosening of associations." The claimant underwent the Beck Depression Inventory and obtained a score suggestive of moderate to severe depression. He also reported several symptoms of anxiety in the severe and moderate categories. His MMPI-II profile was valid with results suggesting the claimant was in psychological distress. Dr. Vaught concluded that the claimant had slightly restricted affect and that his daily activities were limited by his physical problems. He determined the claimant's concentration, persistence and pace was "mildly slowed" while his "digit span was only mildly impaired" and diagnosed the claimant with panic disorder with agoraphobia, adjustment disorder with depressed mood (chronic), and pain disorder (Tr. 323-27).

Dr. Vaught also completed a mental medical source statement wherein he determined that the claimant had moderate limitations in interacting appropriately with the public and with co-workers and a marked limitation in responding appropriately to work pressures in a usual work setting. His support for such an assessment was the claimant's results on the MMPI-II, which were consistent with significant depression and anxiety, and the claimant's long history of panic attacks with agoraphobia (Tr. 328-30).

The ALJ discussed the findings made by Dr. Vaught during his examination of the claimant (Tr. 25-26). He did not, however, specifically discuss the mental medical source statement completed by Dr. Vaught. Although the ALJ clearly included at least one of Dr. Vaught's restrictions in the RFC determination, *i. e.*, the ALJ found the claimant could have only incidental contact with the public, he failed to discuss reasons for excluding the other limitations Dr. Vaught imposed on the claimant, *e. g.*, Dr. Vaught also included a moderate limitation in the claimant's interaction with co-workers and a marked limitation in responding appropriately to work pressures in a usual work setting. It was error for the ALJ to "pick and choose" between Dr. Vaught's findings on the mental medical source statement without any explanation. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007) ("[T]he ALJ should have explained why he rejected four of the moderate restrictions on Dr. Rawlings' RFC assessment while appearing to adopt the others. An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability. . . . [T]he ALJ did not state that any evidence conflicted with Dr. Rawlings' opinion or mental RFC assessment. So it is simply unexplained why the ALJ adopted some of Dr. Rawlings' restrictions but not others.").

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of the opinions expressed by Dr. Vaught on the mental medical source statement. On remand, the ALJ should determine what impact, if any, such consideration has on the claimant's ability to work.

**Conclusion**

The undersigned Magistrate Judge finds that incorrect legal standards were applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 17th day of October, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**